UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEPHEN SHEFFIELD, | ) | 1:09-cv-01851-SMS-PC |
| Plaintiff, | ) ) | ORDER DENYING MOTION FOR PAROLE RELEASE |
| vs. | ) ) | (Doc. 13.) |
| H. A. RIOS, et al., | ) ) | ORDER DIRECTING CLERK TO SEND § 2254 HABEAS CORPUS PETITION |
| Defendants. | ) ) ) | FORM TO PLAINTIFF |

Plaintiff Stephen Sheffield ("Plaintiff") is a federal prisoner proceeding pro se with this civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971), for violation of his rights to medical care under the Eighth Amendment. Plaintiff filed the complaint initiating this action on July 16, 2009. (Doc. 1.) On December 3, 2009, Plaintiff filed a motion for parole release, which is now before the Court. (Doc. 13.)

When a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Wilkinson v. Dotson, 544 U.S. 74, 125 S.Ct. 1242, 1245-48 (2005); Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied 11 S.Ct. 1090 (1991). Moreover, when seeking relief for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive

order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A claim . . . bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983."[1] Id. at 488.

In his motion, Plaintiff argues that he is entitled to a parole release because the Federal Parole Commission used incorrect state guidelines at his parole hearing. Such a motion challenges the legality of duration of Plaintiff's custody. Plaintiff has not shown, nor does he claim, that his conviction or release have been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to made such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Therefore, Plaintiff's only federal remedy with regard to his parole issue is a writ of habeas corpus, and the Court cannot grant Plaintiff's motion for parole release in the present Bivens action.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a parole release is DENIED; and
2. The Clerk is DIRECTED to send a § 2254 Habeas Corpus Petition form to Plaintiff.

IT IS SO ORDERED.

**Dated:   December 14, 2009**               /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] "Actions under § 1983 and those under Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor under Bivens." Van Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991).

2