# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| STEPHEN SHEFFIELD, | CASE NO. 1:09-cv-01851-SKO PC |
|---|---|
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN 30 DAYS |
| v. | |
| H.A. RIOS, et al., | |
| Defendants. | |

Plaintiff Stephen Sheffield ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999 (1971), which provides a remedy for civil rights violations committed by federal actors.[1]  Plaintiff is currently incarcerated at the U.S. Penitentiary in Atwater, California ("USP-Atwater").  However, Plaintiff's complaint describes events that took place while Plaintiff was housed in several other prisons in addition to USP-Atwater.  Plaintiff claims that he was provided with deficient medical care at the U.S. Penitentiaries in Coleman, Florida ("USP-Coleman"), Hazelton, West Virginia ("USP-Hazelton"), Terre Haute, Indiana ("USP-Terre Haute"), and Atwater, California.

Plaintiff names H.A. Rios (warden, USP-Atwater), Metry (medical director, USP-Atwater), Jon F. Franco (doctor, USP-Atwater), Keith F. Olson (warden, USP-Terre Haute), Webster (doctor,

---

[1] Although Plaintiff filed his complaint on a form for filing complaints under 42 U.S.C. § 1983, Section 1983 provides a cause of action for the violation of civil rights by state actors.  Plaintiff is only suing federal actors, not state actors.  A Bivens action is the appropriate avenue for filing suit against federal actors.

1

USP-Terre Haute), Al Haynes (warden, USP-Hazelton), John F. Rice (doctor, USP-Hazelton), Banson (doctor, USP-Hazelton), Holder (warden, USP-Coleman), Negron (medical director, USP.-Coleman), and Roman (doctor, USP-Coleman) as defendants. For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. Plaintiff's complaint will be dismissed, with leave to file an amended complaint within 30 days.

## I.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In determining whether a complaint fails to state a claim, the Court uses the same pleading standard used under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

2

## II. Background

Plaintiff claims that he received inadequate medical care while housed in several federal prisons throughout the country. Plaintiff claims that he suffers from painful kidney stones or gallstones, as well as hemorrhoids.

### A. Events at USP-Terre Haute

Plaintiff was housed in USP-Terre Haute in 2002. Plaintiff alleges that one day, he was in severe pain and blood came out of his penis. Plaintiff fell to the floor and started coughing up blood. Plaintiff's "bowels broke down." (Compl. 28, ECF No. 1.) Plaintiff received medical attention and was given Ibuprofen. Plaintiff was told that he had kidney or gallstones, as well as hemorrhoids. Plaintiff was seen by Defendant Webster, who ordered "I.V.P. Die Treatment to see if [Plaintiff had] stone's[sic]." (Compl. 29, ECF No. 1.) Plaintiff complained that the Ibuprofen was not enough to alleviate the pain and Webster told Plaintiff that Ibuprofen was the only medication available under Bureau Policy. Webster also provided Plaintiff with antibiotics for a urinary tract infection. Plaintiff was told that he would have to be taken to an outside hospital if the stones did not pass on their own. Later, Webster took an x-ray to see if the stones had broken down or passed through Plaintiff's bladder. Webster told Plaintiff that the x-rays showed no signs of any stones. Plaintiff told Webster that he was still in pain. Webster told Plaintiff to sign up for "sick call" because something other than the stones was causing the pain. Plaintiff was soon after released from USP-Atwater and placed in a halfway house.

Plaintiff returned to Terre Haute in May 2004. He again fell to the floor and began to urinate and cough up blood. Webster x-rayed Plaintiff again and told Plaintiff that there was a stone in his right bladder. Plaintiff was told that the stone was moving out, which caused the bleeding. Plaintiff was told to drink lots of water, take his medication and wait for the stone to pass. When Plaintiff requested to be taken to an outside hospital because he feared for his life, Webster refused. Plaintiff concludes that Webster provided Plaintiff with inadequate medical treatment based on these facts.

Plaintiff communicated with Defendant Keith E. Olson weekly who told Plaintiff that he had "nothing to do with medical." Plaintiff claims that Olson "refused to have medical staff and

///

doctor's[sic] provide [Plaintiff] with the proper medication's[sic] and medical treatment's[sic] that [Plaintiff] needed." (Compl. 29, ECF No. 1.)

Plaintiff also claims that he was assaulted by a violent inmate at USP-Terre Haute. However, Plaintiff fails to allege how any of the named Defendants caused Plaintiff to be assaulted, or could have prevented the assault.

Plaintiff was transferred to USP-Hazelton in 2006.

### B.     Events at USP-Hazelton

Plaintiff met with Defendant Al Haynes and members of the medical staff at USP-Hazelton on a weekly basis. Plaintiff informed the staff about coughing up blood and his past issues with kidney stones and/or gallstones. The staff at USP-Hazelton refused to send Plaintiff to an outside hospital. Plaintiff complains that he "past[sic] one of the stone's[sic] doing[sic] the year of 20006[sic] . . . without being sent to an outside hospital or medical treatment from Doctor Mr. Rice nor Doctor Mr. Banson." (Compl. 31, ECF No. 1.) Plaintiff was seen by Defendant Rice and received an x-ray. Plaintiff was told that the stone already passed and there were no other stones in Plaintiff's bladder or kidneys. Later, Plaintiff felt more pain and another x-ray was taken, but Plaintiff was again told that there were no signs of any stones. Plaintiff wrote to Defendant Al Haynes about his medical needs and requested to be sent to an outside hospital, but his request was denied.

Plaintiff was transferred to USP-Coleman in 2007. Plaintiff claims he was transferred "do[sic] to staff retaliation in U.S.P. Hazelton." He, however, provides no factual allegations to support his retaliation claim, and fails to identify why the alleged retaliation occurred.

### C.     Events at USP-Coleman

While at USP-Coleman, Plaintiff met with Defendants Holder and Roman on a weekly basis. Plaintiff informed Holder and Roman about his gallstones and other medical issues. Defendant Roman ordered x-rays and told Plaintiff that there were no signs of stones in Plaintiff's kidneys or bladder. When Plaintiff asked to be sent to an outside hospital, Roman refused. Plaintiff also asked Holder about receiving further medical attention, but Holder told Plaintiff that "he has nothing to do with medical" and that Plaintiff's problems will be addressed by the medical staff at USP-Coleman.

4

Plaintiff also complained to Holder about being assaulted by other staff members at USP-Coleman. Plaintiff claims that Holder failed to protect Plaintiff but fails to explain how Holder failed to protect him.

Plaintiff went on a hunger strike in January 2008 in an attempt to get further medical treatment. Defendant Negron told Plaintiff that going on a hunger strike would not get Plaintiff any further treatment. Negron told Plaintiff that the x-rays showed that there were no stones in his kidney and that he would not be sent to an outside hospital.

Plaintiff was transferred to USP-Atwater in September 2008.

### D.     Events at USP-Atwater

Plaintiff informed Defendant Rios about his medical problems. Plaintiff received an x-ray and was told that there was a stone in the left side of his bladder. Plaintiff was then referred to Defendant Franco who told Plaintiff that he would be taken to an outside hospital. Plaintiff spoke with Defendant Metry on a weekly basis who told Plaintiff she was aware of Plaintiff's medical needs and was aware of the referral to an outside hospital. Plaintiff informed Rios about the referral to the outside hospital, but Rios told Plaintiff that "medical take care's[sic] of all medical issue's[sic] and [Rios] really deal's[sic] with just the Penitentiary." (Compl. 36, ECF No. 1.)

Plaintiff fails to make any further factual allegations regarding Rios, Franco, or Metry's conduct. Plaintiff merely concludes that he did not receive adequate medical treatment while at USP-Atwater.

## III.   Discussion

### A.     Eighth Amendment Claims

Plaintiff claims that Defendants violated Plaintiff's rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the

///

prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### 1. Plaintiff's Medical Care Claims

Deliberate indifference to a prisoner's serious illness or injury states a cause of action under the Eighth Amendment. Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. Id. To constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm. Id.

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff fails to state a cognizable Bivens claim for the violation of his rights under the Eighth Amendment. Plaintiff fails to allege facts that plausibly support the conclusion that Defendants' actions were objectively unreasonable and that Defendants acted with deliberate indifference.

Although Plaintiff alleges that he has serious medical issues, it is unclear how the treatment he received was objectively deficient. Plaintiff's complaint establishes that Plaintiff had chronic problems with kidney stones or gallstones, or some other type of medical issue that caused his bleeding. However, Plaintiff fails to identify any specific treatment that he should have received. Plaintiff only alleges that he repeatedly asked to be taken to an outside hospital and his requests were refused. Plaintiff fails to identify how being taken to an outside hospital would have helped his condition. Plaintiff's doctors saw Plaintiff repeatedly, performed numerous diagnostic x-rays, and concluded that the stones would pass on their own. Aside from the doctors at USP-Atwater, Plaintiff's doctors unanimously concluded that Plaintiff did not need to be taken to an outside hospital. Plaintiff has not alleged any facts that suggest the diagnosis was incorrect. Plaintiff's difference of opinion is not sufficient to support an Eighth Amendment claim as Plaintiff has not alleged any facts that suggest that the doctors' opinions were medically unacceptable under the circumstances and chosen in conscious disregard to an excessive risk to Plaintiff's health. See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

Plaintiff has also failed to allege facts that plausibly support the conclusion that Defendants acted with deliberate indifference. There is no indication that Defendants deliberately withheld some form of treatment knowing that it would cause Plaintiff pain or further injury. Plaintiff cannot proceed on an Eighth Amendment claim based on the vague allegation that some unidentified surgery or treatment could have alleviated Plaintiff's pain and injuries had Plaintiff been taken to the hospital. Plaintiff does allege that he requested stronger pain medication, but Defendant Webster refused to give Plaintiff pain medication stronger than Ibuprofen. However, Plaintiff also alleges

1  that Webster had no authority to prescribe pain medication stronger than Ibuprofen. Defendant
2  Webster cannot be said to have acted with deliberate indifference simply because he failed to do
3  something he had no authority to do.
4     Further, Plaintiff attempts to hold the wardens at each prison liable for telling Plaintiff to
5  forward his medical requests and concerns to the medical staff. In short, each warden told Plaintiff
6  that they do not deal with medical issues. Plaintiff fails to allege facts to suggest that their response
7  was deliberately indifferent. Nothing in the complaint suggests that the wardens were aware that
8  Plaintiff would receive deficient medical care if Plaintiff forwarded his medical requests to the
9  medical staff.
10    Finally, the Court notes that it is unclear that the prison officials at USP-Atwater acted with
11 deliberate indifference. Plaintiff merely alleges that Defendant Franco told Plaintiff that he would
12 make arrangements for Plaintiff to be taken to an outside hospital. Plaintiff's factual allegations
13 abruptly end at that point and it is unclear whether Plaintiff was actually scheduled to be taken to an
14 outside hospital. Even if Plaintiff was not taken to an outside hospital, Plaintiff fails to establish how
15 that failure was the result of Defendants' deliberate indifference. In other words, Plaintiff fails to
16 allege any facts to demonstrate that any official at USP-Atwater knew that Plaintiff needed to be
17 taken to an outside hospital and would not be taken to an outside hospital without their intervention.
18 Defendants cannot be held liable under the Eighth Amendment if they were unaware that Plaintiff
19 was not receiving needed medical treatment, or if they had no reasonable opportunity to help
20 Plaintiff.
21    Plaintiff fails to state any claims for deliberate indifference to his serious medical needs in
22 violation of the Eighth Amendment.
23              **2.   Plaintiff's Assault Claims**
24    Plaintiff makes vague claims that prison officials at USP-Terre Haute failed to protect him
25 from a violent inmate and Defendant Holder failed to protect him from assault by prison staff
26 members. "Prison officials have a duty to take reasonable steps to protect inmates from physical
27 abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this
28 duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats

1  to the inmate's safety.  See Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To demonstrate that a
2  prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must
3  show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official
4  must both be aware of facts from which the inference could be drawn that a substantial risk of
5  serious harm exists, and [the official] must also draw the inference."  Farmer, 511 U.S. at 837.

6  Plaintiff fails to state a cognizable claim against any prison officials from USP-Terre Haute
7  or against Defendant Holder for failing to protect Plaintiff.  Plaintiff fails to allege that any prison
8  officials knew about a risk to Plaintiff's safety before the assault occurred.  Plaintiff alleges that he
9  warned Defendant Holder after he had been assaulted.  Plaintiff cannot hold Defendant Holder liable
10 for failing to protect Plaintiff from an assault that occurred in the past.  Nothing in Plaintiff's
11 complaint suggests that Holder was aware of any facts that would have put him on notice that
12 Plaintiff was at risk of being assaulted by prison officials.  Similarly, Plaintiff has not alleged that
13 prison officials at USP-Terre Haute were aware of any facts that would have put them on notice that
14 Plaintiff was at risk of being assaulted by a violent inmate.  Plaintiff fails to state any Eighth
15 Amendment claim against any Defendants for failing to protect him.

16 **B.     Tenth and Fourteenth Amendment Claims, and Retaliation Claims**

17 Plaintiff claims that prison officials violated his Tenth and Fourteenth Amendment rights.
18 Plaintiff also makes several vague references to retaliation by prison officials.

19 The Tenth Amendment states that "[t]he powers not delegated to the United States by the
20 Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the
21 people."  U.S. Const. amend X.  The Tenth Amendment concerns the distribution of power between
22 the federal government and the state governments and is irrelevant to Plaintiff's claims.

23 Plaintiff fails to explain how Defendants' conduct violated the Fourteenth Amendment.
24 Further, Plaintiff is a federal prisoner, not a state prisoner.  The Fourteenth Amendment protects
25 against due process violations committed by state officials.  To the extent that Plaintiff is arguing
26 that the failure to provide adequate medical care is a due process issue, Plaintiff is advised that such
27 claims are solely within the province of the Eighth Amendment because Plaintiff is a prisoner and
28 the Eighth Amendment provides the more explicit textual source of constitutional protection.  See

Whitley v. Albers, 475 U.S. 312, 327 (1986) ("the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners in cases" and "in these circumstances the Due Process Clause affords respondent no greater protection than does the Cruel and Unusual Punishments Clause."); Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) ("[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims" ) (internal citations and quotations omitted). Plaintiff's claims will be construed under the Eighth Amendment, and not under the Fourth or Fourteenth Amendment.

Plaintiff also makes several vague references to retaliation by prison officials. In the prison context, allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a claim for the violation of Plaintiff's First Amendment rights. Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985); see also Valandingham v. Bojorquez, 866 F.2d 1135 (9th Cir. 1989); Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995). "[A] viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of retaliation against a prisoner's First Amendment right to file a prison grievance is sufficient to support a claim under section 1983. Bruce v. Ylst, 351 F.3d 1283, 1288 (9th Cir. 2003).

Plaintiff's vague references to retaliation are not sufficient to support such a claim as he fails to identify why the retaliation occurred. Moreover, Plaintiff does not allege that any Defendant took an adverse action against him because of his exercise of any First Amendment rights. Thus, Plaintiff fails to state any cognizable claims for retaliation against his First Amendment rights.

**IV.    Conclusion and Order**

The Court has screened Plaintiff's complaint and finds that it does not state any claims upon which relief may be granted under Bivens. The Court will provide Plaintiff with the opportunity to

1    file an amended complaint curing the deficiencies identified by the court in this order. See Lopez
2    v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2007) (recognizing longstanding rule that leave to amend
3    should be granted even if no request to amend was made unless the court determines that the
4    pleading could not possibly be cured by the allegation of other facts); Noll v. Carlson, 809 F.2d
5    1446, 1448 (9th Cir. 1987) (pro se litigant must be given leave to amend his or her complaint unless
6    it is absolutely clear that the deficiencies of the complaint could not be cured by amendment).
7    Plaintiff is cautioned that he may not add unrelated claims involving different defendants in his
8    amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

9    If Plaintiff elects to amend, his amended complaint should be brief. Fed. R. Civ. P. 8(a).
10   Plaintiff must identify how each individual defendant caused the deprivation of Plaintiff's
11   constitutional or other federal rights. "The inquiry into causation must be individualized and focus
12   on the duties and responsibilities of each individual defendant whose acts or omissions are alleged
13   to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988).
14   With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P.
15   10(c), they are not necessary in the federal system of notice pleading. Fed. R. Civ. P. 8(a). In other
16   words, it is not necessary at this stage to submit evidence to prove the allegations in Plaintiff's
17   complaint because at this stage Plaintiff's factual allegations will be accepted as true at this juncture.

18   However, although Plaintiff's factual allegations will be accepted as true and that "the
19   pleading standard Rule 8 announces does not require 'detailed factual allegations,'" "a complaint
20   must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on
21   its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009), (quoting Bell Atlantic Corp. v. Twombly,
22   550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content
23   that allows the court to draw the reasonable inference that the defendant is liable for the misconduct
24   alleged." Id. (citing Twombly, 550 U.S. at 556).

25   Finally, Plaintiff is advised that an amended complaint supercedes the original complaint,
26   Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567
27   (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded
28   pleading." Local Rule 220. Plaintiff is warned that "[a]ll causes of action alleged in an original

complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474. In other words, even the claims that were properly stated in the original complaint must be completely stated again in the amended complaint.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   August 23, 2010**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE