IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN SHEFFIELD,<br><br>        Plaintiff,<br><br>    vs.<br><br>H.A. RIOS, et al.,<br><br>        Defendants.<br>_____ | Case No. 1:09-cv-01851 JLT (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND<br><br>(Doc. 17) |

Plaintiff Stephen Sheffield ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this civil action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), which provides a remedy for violations of civil rights by federal actors. This proceeding was referred to the undersigned magistrate judge in accordance with 28 U.S.C. § 636 (c)(1) and Local Rule 302.  Pending before the Court is Plaintiff's First Amended Complaint ("FAC") filed September 14, 2010.

Plaintiff is currently incarcerated at Federal McCreary United States Penitentiary in Pine Knot Kentucky.  However, Plaintiff's FAC relates to events that took place while Plaintiff was housed at federal prisons other than where he is currently housed. Specifically, Plaintiff claims that he was provided with deficient medical care at the U.S. Penitentiaries in Coleman, Florida ("USP-Coleman"), Hazelton, West Virginia ("USP-Hazelton"), Terre Haute, Indiana ("USP-Terre Haute"), and Atwater, California ("USP-Atwater").

As in his original complaint, Plaintiff names H.A. Rios (warden, USP-Atwater), Metry (medical director, USP-Atwater), Jon F. Franco (doctor, USP-Atwater), Keith F. Olson (warden, USP-Terre Haute), Webster (doctor USP-Terre Haute), Al Haynes (warden, USP-Hazelton), John F. Rice (doctor, USP-Hazelton), Banson (doctor, USP-Hazelton), Holder (warden, USP-Coleman), Negron (medical director, USP-Coleman), and Roman (doctor, USP-Coleman) as defendants.

For the reasons set forth below, the Court finds that Plaintiff's FAC fails to state any cognizable claims. Plaintiff's FAC will be dismissed with prejudice.

## I.  SCREENING REQUIREMENT

The Court is required to review a case in which a prisoner seeks redress from a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must review the complaint and dismiss any portion thereof that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). If the Court determines the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1127-28 (9th Cir. 2000).

To determine whether the FAC states a claim, the Court uses the pleading standard set forth in Federal Rule of Civil Procedure 8(a):

A pleading that states a claim for relief must contain:

(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

The Federal Rules of Civil Procedure adopt a flexible pleading policy. Nevertheless, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555 (citations and quotations omitted). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868, 883 (2009) (quoting Twombly, 550 U.S. at 570). Vague and conclusory allegations are insufficient to state a claim under § 1983. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.   BACKGROUND

Plaintiff claims that he received inadequate medical care while housed in several federal prisons throughout the country. Plaintiff's FAC primarily relates to the pain he has experienced over the years due to his kidney stones and his belief that he was denied to opportunity relieve his pain by having the kidney stones removed at an outside hospital.

### A.   Events at USP-Terre Haute

Plaintiff was housed in USP-Terre Haute in 2003. Plaintiff alleges that one day, he became very ill: he explains experiencing severe pain, coughing up blood, becoming incontinent, and having blood drain from his genitals. (Doc. 17 at 4). Correctional Officers took Plaintiff to the medical unit where he was examined, given Ibuprofen for his pain, and told by Dr. Webster that he had either gall stones, kidney stones, or hemorrhoids. (Id. at 6.) Dr. Webster ordered a diagnostic test to determine the cause of Plaintiff's symptoms. After the test, Dr. Webster informed Plaintiff that Plaintiff had kidney stones. (Id.) Although Plaintiff complained that the Ibuprofen was not enough to alleviate the pain, Dr. Webster informed Plaintiff that the Ibuprofen was the only medication available under Bureau Policy. (Id.) Dr. Webster also provided Plaintiff with antibiotics for a urinary tract infection and informed Plaintiff that Plaintiff may need to be taken to an outside hospital if the stones did not pass on their own. (Id.)

Dr. Webster later performed a follow-up x-ray on Plaintiff and did not locate any stones. (Doc. 17 at 7). When Plaintiff told Dr. Webster that he was still in pain, Dr. Webster advised Plaintiff to sign up for "sick call" as he did not believe the pain to be related to any kidney stones. (Id.) Plaintiff was soon after released from USP-Atwater and placed in a halfway house. (Id.)

Plaintiff returned to Terre Haute in May 2004. During that stay, he again fell to the floor and began to urinate and cough up blood. (Doc. 17 at 7) Dr. Webster x-rayed Plaintiff again and allegedly told Plaintiff that there was a stone in his "right and left" bladder that was causing his symptoms. (Id.) Dr. Webster instructed Plaintiff to drink lots of water, take his medications, and wait for the stone to pass. (Id.) Plaintiff requested to be taken to an outside hospital because he feared for his life, but Dr.

Webster refused to honor his wishes. (Id.) Plaintiff further alleges that he informed Warden Keith Olsen of his situation. (Id.) According to Plaintiff, Warden Olsen told him that the medical staff was separate from his staff and that he (Warden Olsen) could not dictate the actions of the medical staff (Id.)

Plaintiff's FAC concludes that Defendant Dr. Webster's failure to transfer him to an outside hospital demonstrates inadequate medical treatment in violation of Plaintiff's civil rights under the First, Fifth, Eighth, Tenth, and Fourteenth Amendments. (Doc. 17 at 8). Likewise, Plaintiff alleges that Defendant Warden Olsen's failure to force Dr. Webster to transfer Plaintiff to an outside facility demonstrates similar violations of Plaintiff's civil rights and right to medical treatment. (Id. at 9).

Plaintiff also claims that he was assaulted by a violent inmate at USP-Terre Haute in 2005. However, Plaintiff fails to allege how any of the named Defendants caused Plaintiff to be assaulted, or could have prevented the assault.

**B.     Events at USP-Hazelton**

Plaintiff was transferred to USP-Hazelton in 2006. Plaintiff alleges he met with Defendant Warden Al Haynes and members of the medical staff at USP-Hazelton on a weekly basis to discuss his medical history of kidney stones and coughing up blood. (Doc. 17 at 10). Despite his requests, Plaintiff contends the staff at USP-Hazelton refused to send Plaintiff to an outside hospital. (Id.)

In 2006, Plaintiff alleges he passed the kidney stone "on the right side of his bladder." (Doc. 17 at 10) Plaintiff underwent a follow-up x-ray and was informed by Dr. Rice and Dr. Banson that the stones had passed and no other stones seemed to be present in either his "bladder or kidneys." (Id. at 11). When Plaintiff complained of more pain and blood in his urine, medical staff ordered an additional x-ray. (Id.) Again, the x-ray showed no sign of stones. (Id.) Plaintiff then wrote to Defendant Warden Al Haynes and requested to be sent to an outside hospital, but his request was denied. (Id.)

Because neither Dr. Rice nor Dr. Banson transferred Plaintiff to an outside hospital, Plaintiff concludes both provided him with inadequate medical treatment in violation of Plaintiff's civil rights under the First, Fifth, Eighth, Tenth, and Fourteenth Amendments. (Doc. 17 at 10). Likewise, Plaintiff alleges that Defendant Warden Haynes' failure to force the medical staff to transfer Plaintiff to an outside facility demonstrates similar violations of Plaintiff's civil rights and right to medical treatment. (Id.)

1       **C.**     **Events at USP-Coleman**

2       Plaintiff was transferred to USP-Coleman in 2007.  While at USP-Coleman, Plaintiff met with

3 Defendants Warden Holder and Dr. Roman on a weekly basis about his past medical problems with

4 kidney stones and hematuria.  (Doc. 17 at 12).  Again, Plaintiff underwent x-rays that showed no signs

5 of stones in Plaintiff's kidneys or bladder. (Id.)  Plaintiff asked to be sent to an outside hospital to

6 undergo a "better x-ray," but according to Plaintiff, Dr. Roman and Warden Holder refused. Plaintiff also

7 asked Holder about receiving further medical attention, but Holder told Plaintiff that "he has nothing to

8 do with medical" and that Plaintiff's problems will be addressed by the medical staff at USP-Coleman.

9 Plaintiff claims that Holder failed to protect him, but fails to explain how Holder failed to protect him.

10       Plaintiff went on a hunger strike in January 2008 in an attempt to get further medical

11 treatment. (Doc. 17 at 12)  Defendant Negron told Plaintiff that going on a hunger strike would not get

12 Plaintiff any further treatment. (Id.)  Negron told Plaintiff that the x-rays showed that there were no

13 stones in his kidney and that he would not be sent to an outside hospital. (Id.)

14       Plaintiff concludes that Defendant Dr. Roman's failure to transfer him to an outside hospital

15 demonstrates inadequate medical treatment in violation of Plaintiff's civil rights under the First, Fifth,

16 Eighth, Tenth, and Fourteenth Amendments.  (Doc. 17 at 12).  Likewise, Plaintiff alleges that Defendant

17 Warden Holder's failure to force Dr. Roman to transfer Plaintiff to an outside facility demonstrates

18 similar violations of Plaintiff's civil rights and right to medical treatment.  (Id.).

19       **D.**     **Events at USP-Atwater**

20       Plaintiff was transferred to USP-Atwater in September 2008.  (Doc. 17 at 13).  As he explained

21 to medical staff at the other facilities, Plaintiff informed Defendant Dr. Franco about the medical

22 problems and symptoms he had been experiencing. (Id.)  Plaintiff underwent an x-ray and was told by

23 an x-ray technician that there was a stone in the "left side of his bladder."  (Id.)  Plaintiff alleges that Dr.

24 Franco initially informed Plaintiff  that he would be taken to an outside hospital to have the stone

25 surgically "removed or broken out."  (Id.)  Plaintiff states during this time he also spoke weekly with the

26 medical director, Defendant Metry, who was aware of his medical needs and the possible referral to an

27 outside hospital. (Id.)

28       According to Plaintiff, Dr. Franco changed his mind about the transfer.  (Doc. 17 at 13)  Dr.

5

1  Franco informed Plaintiff that the stone was so small that Dr. Franco believed it would pass on its own
2  and Plaintiff would not need to be transferred to an outside medical facility. (Id.)  Plaintiff further
3  contends that he spoke with Defendant Warden Rios about his medical situation and his request to be
4  referred to an outside hospital. (Id.)  Defendant Rios explained to Plaintiff that the medical staff makes
5  the medical decisions, but he would discuss the matter with the medical staff. (Id. at 16).
6  Plaintiff concludes that because he was not transferred to an outside medical facility, Defendants
7  Metry, Franco, and Rios did not provide him with adequate medical treatment while at USP-Atwater.

8  **III.    DISCUSSION**
9  **A.    Fed. R. Civ. P. Rule 18(a)**
10  FRCP Rule 20(a)(2) governs permissive joinder of defendants and pertinently provides:

> (2) Defendants. Persons ... may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

14  Id.  FRCP Rule 18(a) governs joinder of claims and pertinently provides: "A party asserting a claim ...
15  may join, as independent or alternative claims, as many claims as it has against an opposing party."
16  While joinder is encouraged for purposes of judicial economy, the "Federal Rules do not contemplate
17  joinder of different actions against different parties which present entirely different factual and legal
18  issues." Zhu v. Countrywide Realty Co., Inc., 160 F.Supp.2d 1210, 1225 (D.Kan. 2001) (citation
19  omitted).  The Court of Appeals for the Seventh Circuit held in George v. Smith, 507 F.3d 605, 607 (7th
20  Cir. 2007), that under "the controlling principle" in Fed.R.Civ.P. Rule 18(a), "[u]nrelated claims against
21  different defendants belong in different suits." George, 507 F.3d at 607.  The Seventh Circuit explained,
22  "[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined
23  with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in
24  different suits. . ." George v. Smith, 507 F.3d 605, 607 (7 th Cir. 2007).
25  Here, though Defendant claims repeated failures to provide him adequate medical care, each
26  incident of inadequate medical care occurred for different reasons, the events occurred over many years
27  at different prisons at the hands of different defendants.  Thus, Plaintiff has improperly joined unrelated
28  claims.  Therefore, because the events at USP-Coleman, USP-Hazleton and USP-Terre Haute are

6

1  **DISMISSED**.

### B.  Eighth Amendment Claims

Plaintiff claims that Defendants violated his rights under the Eighth Amendment. The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" Estelle v. Gamble, 429 U.S. 97, 102 (1976) (quoting Jackson v. Bishop, 404 F.2d 571, 579 (8th Cir. 1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious," and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)).

The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities." Id. (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)). The subjective requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. Id. (quoting Wilson, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he or she "knows of and disregards an excessive risk to inmate health or safety." Id. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

### 1.  Plaintiff's Medical Care Claims

Deliberate indifference to a prisoner's serious illness or injury states a cause of action under the Eighth Amendment. Estelle, 429 U.S. at 105. In order to state an Eighth Amendment claim based on deficient medical treatment, a plaintiff must show: (1) a serious medical need; and (2) a deliberately indifferent response by the defendant. Conn v. City of Reno, 572 F.3d 1047, 1055 (9th Cir. 2009) (quoting Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006)). A serious medical need is shown by alleging that the failure to treat the plaintiff's condition could result in further significant injury, or the unnecessary and wanton infliction of pain. Id. A deliberately indifferent response by the defendant is shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm

caused by the indifference. Id. To constitute deliberate indifference, there must be an objective risk of harm and the defendant must have subjective awareness of that harm.  Id.

However, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. *See* Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

Plaintiff fails to state a cognizable Bivens claim for the violation of his rights under the Eighth Amendment. Plaintiff fails to allege facts that plausibly support the conclusion that any Defendants' actions were objectively unreasonable and that any of the Defendants acted with deliberate indifference. Although Plaintiff alleges that he has serious medical issues, it is unclear how the treatment he received was objectively deficient. Plaintiff's FAC establishes that Plaintiff had chronic problems with kidney stones or some other type of medical issue that caused his bleeding and pain. However, each time Plaintiff informed medical staff about his complaints, he received diagnostic testing in the form of an I.V.P, an x-ray, and follow-up x-rays. After such testing, the physicians either concluded that the stones were small enough to pass without surgery or that the stones were no longer present and had already passed.  Thus, Plaintiff's only argument is that he disagreed with the decisions by the medical staff and believed he should have been taken to an outside hospital to have the stones "removed or broken."

Plaintiff's argument assumes that physicians at an outside hospital would have reach a different medical decision regarding the need for surgery than the physicians who examined him at the various prisons. Even still, Plaintiff's difference of opinion is not sufficient to support an Eighth Amendment claim as Plaintiff has not alleged any facts that suggest that the doctors' opinions were medically unacceptable under the circumstances and chosen in conscious disregard to an excessive risk to Plaintiff's health. *See* Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

Plaintiff has also failed to allege facts that plausibly support the conclusion that the physician Defendants acted with deliberate indifference. There is no indication that these Defendants deliberately

withheld some form of treatment knowing that it would cause Plaintiff pain or further injury. Plaintiff cannot proceed on an Eighth Amendment claim based on the vague allegation that some unidentified surgery or treatment may have been approved by physicians at an outside hospital and may have alleviated Plaintiff's pain had he been taken to the hospital and undergone some procedure.

Though Plaintiff alleges that he requested stronger pain medication at USP-Terre Haute, Defendant Dr. Webster explained to Plaintiff that he had no authority to prescribe pain medication stronger than Ibuprofen. Defendant Webster cannot be said to have acted with deliberate indifference simply because he failed to do something he had no authority to do. Further, Plaintiff attempts to hold the wardens at each prison liable for not controlling the actions of the medical staff. Each warden told Plaintiff that the medical staff is responsible for making medical decisions. Plaintiff fails to allege facts to suggest that this unanimous response from each of the wardens was deliberately indifferent to Plaintiff's medical needs.

### 2. Plaintiff's Assault Claims

Plaintiff makes vague claims that prison officials at USP-Terre Haute failed to protect him from a violent inmate and Defendant Holder failed to protect him from assault by prison staff members. "Prison officials have a duty to take reasonable steps to protect inmates from physical abuse." Hoptowit v. Ray, 682 F.2d 1237, 1250-51 (9th Cir. 1982). To establish a violation of this duty, the prisoner must establish that prison officials were "deliberately indifferent" to serious threats to the inmate's safety. *See* Farmer v. Brennan, 511 U.S. 825, 834 (1994). To demonstrate that a prison official was deliberately indifferent to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." Farmer, 511 U.S. at 837.

Plaintiff fails to state a cognizable claim against any prison officials from USP-Terre Haute or against Defendant Holder for failing to protect Plaintiff. Plaintiff fails to allege that any prison officials knew about a risk to Plaintiff's safety before the assault occurred. Nothing in Plaintiff's complaint suggests that Holder was aware of any facts that would have put him on notice that Plaintiff was at risk of being assaulted by prison officials. Thus, Plaintiff fails to state any Eighth Amendment claim against

any Defendants for failing to protect him.

### B.     First, Fifth, Tenth and Fourteenth Amendment Claims

Plaintiff also claims that prison officials violated his First, Fifth, Tenth and Fourteenth Amendment rights.  The Tenth Amendment states that "[t]he powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend X. The Tenth Amendment concerns the distribution of power between the federal government and the state governments and is irrelevant to Plaintiff's claims.  Plaintiff fails to explain how Defendants' conduct violated the Tenth Amendment.

Further, Plaintiff is a federal prisoner, not a state prisoner. The Fourteenth Amendment protects against due process violations committed by state officials. To the extent that Plaintiff is arguing that the failure to provide adequate medical care is a due process issue, Plaintiff is advised that such claims are solely within the province of the Eighth Amendment because Plaintiff is a prisoner and the Eighth Amendment provides the more explicit textual source of constitutional protection. *See* Whitley v. Albers, 475 U.S. 312, 327 (1986) ("the Eighth Amendment . . . serves as the primary source of substantive protection to convicted prisoners in cases" and "in these circumstances the Due Process Clause affords respondent no greater protection than does the Cruel and Unusual Punishments Clause."); Patel v. Penman, 103 F.3d 868, 874 (9th Cir. 1996) ("[W]here a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims" ) (internal citations and quotations omitted). Plaintiff's claims will be construed under the Eighth Amendment, and not under the Fourth or Fourteenth Amendment.

The First Amendment prohibits Congress from making any law "abridging the freedom of speech." U.S. Const. amend. I.  However, Plaintiff does not list any facts that would tend to show that Plaintiff's freedom of speech was curtailed in any way.  In fact, he explains that he met with medical staff, medical directors, and wardens on a weekly basis about this condition.  The fact that his requests to be transferred to an outside hospital for surgery were not honored, is not sufficient to state a claim for a civil rights violation under the First Amendment.

Plaintiff likewise bases his civil rights claim on the Fifth Amendment, but does not state any facts

that would be relevant to such a claim, including an equal protection argument.

## IV.     LEAVE TO AMEND WILL NOT BE GRANTED

The Court previously screened Plaintiff's Complaint and found that it did not state any claims upon which relief may be granted under Bivens. The Court provided Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the court in the prior order, but Plaintiff has failed to do so. At that time, the Court informed Plaintiff that if he elected to amend his complaint, it should be brief. Fed. R. Civ. P. 8(a). While Plaintiff's 29 page FAC is 7 pages shorter than his initial complaint, is still far from brief. Even accepting the factual allegations in Plaintiff's FAC as true, the FAC does not identify facts sufficient to show how each individual defendants' actions gave rise to a constitutional deprivation. Iqbal, 129 S. Ct. 1937, 1949 (2009), (quoting Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff has been given a prior opportunity to state a constitutional claim but has demonstrated only that he cannot do so. Thus, the Court declines to provide Plaintiff with leave to amend. "Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Based upon the facts alleged by Plaintiff, it is patent that he cannot state a constitutional violation against any Defendant. Accordingly, the Court will dismiss this action at this time for Plaintiff's failure to state a cognizable claim under Bivens.

## V.     CONCLUSION

For the reasons set forth above, it is HEREBY ORDERED that:

1.     This action is dismissed for Plaintiff's failure to state a cognizable claim;

2.     The Clerk of the Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated:   **March 19, 2012**                                     /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE